UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fernando F.P.D., | File No. 25-cv-4455 (ECT/ECW) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Joel Brott, *Sheriff, Sherburne County, MN*, Samuel Olson, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*, Kristi Noem, *Secretary of the U.S. Department of Homeland Security*, and Pamela Bondi, *Attorney General of the United States, in their official capacities*, | |
| Respondents. | |

Paschal O. Nwokocha, Paschal Nwokocha & Operana Law Offices, LLC, Minneapolis, MN, for Petitioner Fernando F.P.D.

George Randolph Kennedy, Sherburne County Attorney's Office, Elk River, MN, for Respondent Joel Brott.

Ana H. Voss and Friedrich A.P. Siekert, United States Attorney's Office, Minneapolis, MN, for Respondents Samuel Olson, Kristi Noem, and Pamela Bondi.

Petitioner Fernando F.P.D. is an Ecuadorian citizen who has lived in the United States without authorization since November 26, 2019, when he entered the country without inspection. Pet. [ECF No. 1] ¶ 15; ECF No. 9-1 at 3. Fernando is currently charged with disorderly conduct under Minnesota Statutes section 609.72.1(1). Pet. ¶ 16. On November 22, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested him in St. Anthony, Minnesota. *Id.* ¶ 17. The day of his arrest, ICE served Fernando with a

Warrant for Arrest of Alien, ECF No. 9-2, and a Notice to Appear in immigration court, Pet. ¶ 18; ECF No. 1-1 at 1. The warrant authorized his arrest "pursuant to sections 236 and 287 of the Immigration and Nationality Act," which are codified at 8 U.S.C. §§ 1226 and 1357. ECF No 9-2 at 1. The Notice to Appear stated that Fernando is "an alien present in the United States who has not been admitted or paroled." ECF No. 1-1 at 1. It did not check the box for "arriving alien." *Id.* Enforcement and Removal Operations ("ERO") officers determined that Fernando was "subject to detention as an applicant for admission pursuant to sections 235(a)(1) and (b)(2) of the Immigration and Nationality Act," codified at 8 U.S.C. §§ 1225(a)(1) and (b)(2). ECF No. 9 ¶ 9. Fernando's Form I-213 Record of Deportable / Inadmissible Alien, states he is "amenable to removal from the United States under section 212(a)(6)(A)(i) & 212(a)(7)(A)(i)(I)." ECF No. 9-3 at 3; *see* 8 U.S.C. § 1182(a)(6)(A)(i), (a)(7)(A)(i)(I) (codifications). Fernando has since been detained in Sherburne County Jail in Elk River, Minnesota. Pet. ¶ 19. He was "scheduled for a Master Calendar Hearing before [Immigration Judge M. Audrey] Carr at the Fort Snelling Immigration Court on December 16, 2025 at 10:00 a.m." *id.* ¶ 20, and the Court is unaware of the outcome of that hearing.

Fernando challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 5. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). *Id.* ¶¶ 3, 22; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to him, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment,

2

8 U.S.C. § 1226(a), and the Administrative Procedure Act ("APA"). Pet. ¶¶ 41–51. He seeks a declaration that his detention is unlawful under the Due Process Clause, 8 U.S.C. § 1226, and 5 U.S.C. § 706; issuance of a writ of habeas corpus ordering Respondents[1] to set a bond for him and release him immediately; an injunction forbidding Respondents from removing or transferring him out of the District of Minnesota before a bond hearing; an injunction preventing the Department of Homeland Security from filing Form EOIR-43 staying the bond; and an award of attorneys' fees and costs. Pet. at 12.

Respondents' arguments in opposition are twofold. First, they argue there is no subject-matter jurisdiction to consider the petition under 8 U.S.C. § 1252(a)(5), (b)(9), and (g), and because Fernando failed to exhaust administrative remedies. ECF No. 8 at 12–19. Second, they argue that the petition fails on the merits as a matter of statutory interpretation. *Id.* at 19–27. Courts in this District have repeatedly considered and rejected these contentions, and they will be rejected here.

First, the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply. Those provisions deprive federal district courts of jurisdiction to adjudicate removal orders, *see* 8 U.S.C. § 1252(a)(5), (b)(9), and the Department of Homeland Security's decisions or actions "to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter," 8 U.S.C. § 1252(g). As courts in this District have explained, habeas challenges to detention classification—"the narrow question

---

[1]   When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has appeared but not otherwise participated in these proceedings. *See* ECF No. 7.

whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)"—do not fall into any of these categories. *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025); *accord Eliseo A.A. v. Olson*, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *4–6 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *4–5 (D. Minn. Oct. 21, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2 (D. Minn. Nov. 4, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2 (D. Minn. Nov. 25, 2025); Order Granting Motion for a Temporary Restraining Order at 5–8, *Roberto M.F. v. Olson*, No. 25-cv-4456 (LMP/ECW) (D. Minn. Dec. 9, 2025), ECF No. 15. Fernando's case is factually identical to these cases in the relevant respects. And for the reasons explained in *Eliseo A.A.*, Fernando is not required to exhaust administrative remedies, so this is no bar to federal jurisdiction. *See* 2025 WL 2886729, at *6–7.

Second, Fernando has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S.*, 2025 WL 2802947, at *6–7; *Eliseo A.A.*, 2025 WL 2886729, at *2–4; *Avila*, 2025 WL 2976539, at *5–7; *Andres R.E.*, 2025 WL 3146312, at *2–3; *Selvin Adonay E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C.*, 2025 WL 3281787, at *2–3. As of December 17, 2025, only one federal court of appeals

4

has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, No. 25-3050, 2025 WL 3552514, at *8–10 (7th Cir. Dec. 11, 2025). Fernando has lived in the United States for about six years, so his detention must fall under § 1226 and not § 1225(b)(2). ECF No. 1-1 (showing box checked for "alien present in the United States who has not been admitted or paroled" and not the box for "arriving alien"); ECF No. 9-1 at 3 (stating that Fernando entered the United States on November 26, 2019). He is therefore subject to discretionary detention and entitled to a bond hearing.[2]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Fernando F.P.D.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

---

[2] Though Fernando requests an order for immediate release, that will not be granted. *See Santos M.C.*, 2025 WL 3281787, at *3. His request to prevent Respondents from filing a Form EOIR-43 will not be granted either, as the parties have not briefed the issue. It is not necessary to reach Respondents' APA argument. Section 1226(c) provides for mandatory detention for certain noncitizens who have committed crimes. Fernando has been charged with a misdemeanor offense, Pet. ¶ 16, but Respondents do not argue that he falls into any of the § 1226(c) categories.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 17, 2025

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court